UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Randy R. Cone, | ) | CASE NO. 5:13CV239 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Stark County/Board of Commissioners, et al., | ) ) ) ) | [Resolving Doc. 24] |
| Defendants. | ) | |

This matter comes before the Court on a motion for summary judgment filed by the Defendants Stark County/Board of Commissioners, Timothy A. Swanson, and Brian K. Arnold (Doc. 24). The motion for summary judgment is GRANTED.

## I. FACTS

On February 1, 2013, Plaintiff Randy R. Cone filed the instant lawsuit against the Stark County Board of Commissioners, Sheriff Timothy Swanson, and Jail Administrator Brian K. Arnold. Within the complaint, Cone alleged that he was jailed in January of 2012 for delinquent child support. Cone further alleged that he informed jail staff that he was diabetic and suffered from high blood pressure, necessitating prescription medications. Cone claims in the complaint that jail officials denied him his prescriptions and proper medical care. As a result, Cone raises a claim under 42 U.S.C. § 1983 and a claim he titles "Breach of Duty by County and Sheriff." The latter claim appears to be one founded in medical negligence or negligent retention of jail staff.

Shortly before the status conference in this matter, Cone's counsel sought to withdraw. The Court held the status conference and allowed counsel to withdraw at its conclusion. At that time, the Court extended the deadline to file dispositive motions. On October 9, 2013,

Defendants moved for summary judgment.  Cone has not responded in opposition to the motion, nor has new counsel entered an appearance in this matter.

## II.     LEGAL STANDARD FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment may satisfy its burden under Rule 56 in either of two ways: (1) "submit affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) "demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

A movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Id.*  Likewise, the moving party's burden of production "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors

could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), *citing Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F.Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

## II. ANALYSIS

Initially, the Court notes as follows:

This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment. *See Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment*); Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys.,* 65 F. App'x 19, 24–25 (6th Cir. 2003); *see also Colston v. Cleveland Pub. Library*, No. 1:12–CV–204, 2012 WL 3309663, at *2 n. 2 (N.D.Ohio Aug.13, 2013) (deeming a claim abandoned and granting summary judgment when a plaintiff "did not respond or even mention [the] claim in her opposition to Defendants' motions for summary judgment").

*Brown v. VHS of Michigan, Inc.*, 2013 WL 5583818 (6th Cir. Oct. 10, 2013).  However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden."  *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991).  Thus, while it appears Cone has abandoned all of his claims, the Court still conducts its review.

Both of Cone's claims focus upon his belief that he received either constitutionally inadequate medical care or that the care he did receive was given in a negligent manner.  Upon review, Defendants have easily met their initial burden of demonstrating the lack of a genuine issue of material fact.  The undisputed facts presently before the Court demonstrate that 1) Cone disclosed his conditions to the jail, 2) the jail promptly filled Cone's prescriptions, and 3) the jail routinely checked Cone's blood pressure and blood sugar level.  The evidence also reflects that Cone was offered each of his medications on the precise schedule suggested by his doctor and that he refused his medications on at least one occasion.

Additionally, Defendants have presented evidence of the following facts.  Cone's vital signs were taken on the evening of February 1, 2012 and that all of them fell within medically acceptable ranges.  At roughly 2:00 a.m. on February 2, 2012, Cone awoke to use the restroom, felt light-headed, and lost consciousness.  Cone was rushed to the medical department of the jail and was attended to by jail and medical personnel until his hospital intake at 3:18 a.m.  Cone was released from the hospital at 6:18 a.m. that same morning.  Moreover, Defendants have identified that the record lacks any evidence of the actual cause of Cone's fall, demonstrating that Cone cannot establish any form of medical negligence.

Based upon the above facts, Defendants have sustained their initial burden of demonstrating that no medical negligence occurred and that there was no deliberate indifference to any of Cone's claimed serious medical needs.  As Cone has not opposed the motion, he has failed to meet his reciprocal burden.  Accordingly, summary judgment on each of Cone's claims is appropriate.

V. **CONCLUSION**

The Court GRANTS Defendants' motion for summary judgment.  All claims in the complaint have been resolved and judgment is hereby entered in favor of Defendants.

IT IS SO ORDERED.

DATE: November 26, 2013                    */s/ John R. Adams*_____
                                           Judge John R. Adams
                                           UNITED STATES DISTRICT COURT